STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |
|---|---|
| | } |
| Appeal of Richard E. Bailey | } Docket No. 230-10-02 Vtec |
| (Application of Black Locust Development, LLC) | } |
| | } |

Decision and Order after Remand

Appellant Richard E. Bailey appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Arlington. The decision had granted a variance from the front and rear setback requirements for an undersized parcel of land owned by Appellee-Applicant Black Locust Development, LLC. Appellant did not challenge the front setback variance; that variance remains granted.

The appeal proceeded to a merits hearing and decision in 2003 on the rear setback variance and the 'existing small lot' status of the parcel. This Court ruled that the parcel qualified as an existing small lot as defined by the then-existing state statute, 24 V.S.A. §4406(1) (since amended and codified at §4412(2)), and the Town's Land Use (Zoning) Bylaw §5.2.4; and that it qualified for a variance of the rear setback, as well as the unappealed variance for the front setback. Appeal of Bailey, Docket No. 230-10-02 Vtec (Vt. Envtl. Ct., May 7, 2003).

The Vermont Supreme Court reversed on the basis that the portion of the lot subject to the state highway right-of-way should not have been included in the minimum lot size calculation for consideration as an existing small lot, In re Appeal of Bailey, 2005 VT 38, leaving in place this Court's ruling regarding the setback variances.

Appellee-Applicant Black Locust Development now requests this Court to rule, on the basis of the evidence already taken at trial, that the property meets the requirements for a variance from the one-half acre minimum lot size requirement otherwise applicable

1

to properties in the Commercial-Residential zoning district.

Appellant appeared and represented himself and Appellee-Applicant Black Locust Development, LLC is represented by Allan R. Keyes, Esq. Interested Person Frank A. Molgano, Jr. appeared and represented himself at trial, but did not file any separate post-trial memorandum and did not participate separately in the proceedings after remand. Similarly, the Town of Arlington entered an appearance in the matter and was represented at trial by the Zoning Administrator, but did not file a post-trial memorandum or participate in the proceedings after remand. After remand, the parties were given the opportunity to submit additional written requests for findings and memoranda of law on the remaining issues. Upon consideration of the evidence and the written memoranda and proposed findings, the Court finds and concludes as follows. We adopt the factual findings of the original decision, and restate them in this decision to the extent it is helpful for ease of reference.

Appellee-Applicant owns an approximately 120' x 67½' parcel of land fronting on Route 7A, on which Mr. Molgano proposes to build a 24' x 30' (640-square-foot) commercial building with four parking spaces, to house a real estate office. Access to the building will be through the adjoining post office curb cut. Appellee-Applicant will construct curbing to close the former curb cut to Route 7A on this parcel. The 67½-foot dimension of the parcel runs to the center of the highway; the State holds an easement over that land for highway purposes. The highway right-of-way extends onto the lot 33 feet from the center of the highway (half of the 4-rod right-of-way). Appellee-Applicant has obtained a variance of 23 feet for the front setback, so as to place the building 2 feet from the edge of the highway right-of-way(although much farther from its actual traveled way), and a variance of 8 feet for the rear setback, so as to place the building 7 feet from the rear property line.

2

The lot, including the land lying under the traveled way and the right-of-way of the highway, is approximately 8,100 square feet in area, of which 3960 square feet lie under the highway right-of-way. Exclusive of the land lying under the highway right-of-way, the lot contains an area of approximately 4,140 square feet, a little less than a tenth of an acre.

In 1973, when the first zoning ordinance was adopted, a 1,770-square-foot gasoline service station/garage was located on the property, within 7 feet of its rear lot line. It was used through the 1970s for that purpose, after which it was used as a residence by the then-owner, until it was purchased by Arlington Redevelopment Company, LLC, in July of 1999. It was conveyed back to the former owner on August 9, 1999, and conveyed by her to Appellee-Applicant the same day. Appellee-Applicant demolished the building on the parcel in the spring of 2000. It was not reconstructed within the successive twelve months, and Appellee-Applicant does not claim any rights to reconstruct the building as a pre-existing nonconforming structure. An adjacent property contains a U.S. Post Office.

Appellant owns property southerly of the subject parcel on Route 7A, containing his residence and a rental residential building. Appellant also owns a vacant parcel of property between his residential property and the subject parcel, adjacent to the subject parcel on the subject parcel's southerly and westerly sides.

The only remaining issue for this Court after remand is whether the property qualifies for a variance from the half-acre lot size applicable in this zoning district.

The existing small lot provision of the state statute applies in every municipality, allowing development of certain undersized lots existing at the time the applicable municipal bylaw was adopted or amended. 24 V.S.A. §4412(2) (2004). A municipality is authorized but not required to prohibit development of lots less than one-eighth acre in area, §4412(2)(A); however, the Town of Arlington has not done so. Accordingly, in Arlington, a lot such that is smaller than one-eighth acre in area is eligible for consideration for a variance from the otherwise-applicable minimum lot size requirement. In general,

3

variances are available "to render justice in unique and individual cases of practical difficulties or unnecessary hardship resulting from a literal application of the zoning ordinance." 3 K. Young, Anderson's American Law of Zoning §20.02 (4th ed., 2002). The variance serves as a so-called "escape hatch," id., preventing a zoning ordinance from depriving a property owner of all beneficial use of his land, that is, preventing the ordinance from effecting an unconstitutional taking.

In the present case, Appellee-Applicant's lot qualifies for a variance from the minimum lot size requirements, as well as from the front and rear setbacks. In order to qualify for a variance, Appellee-Applicant must meet all five requirements of §7.2 of the Land Use (Zoning) Bylaw.

Section 7.2.1. requires that there be:

> unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located.

The property meets this requirement as the lot is both unusually small and unusually shallow, and is reduced further as to its effective lot size due to the portion affected by the highway right-of-way. Appellee-Applicant's hardship or inability to develop the lot in compliance with the zoning regulations is due to the presence of the highway right-of-way on a lot that is already unusually small and shallow, a condition peculiar to this property. It is not a condition generally affecting the lots in the neighborhood or district, even those also fronting on the highway.

Section 7.2.2. requires that:

> because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable

4

the reasonable use of the property.

There is no possibility that the property could be developed with a structure in strict conformity with the zoning regulation. The property is too small and too close to the road for an agricultural use without a structure to be a reasonable use of the property. The property is not usable as a parking lot without a curb cut, even if a parking lot could be built under the regulations on a free-standing property, as it would not be an accessory use to any principal use on the property. We address the question of whether this is the smallest possible structure for the lot under §7.2.5 below.

Section 7.2.3 requires that the unnecessary hardship has not been created by the variance applicant. In the present case, Appellee-Applicant did not create the unusually small and shallow parcel.

Section 7.2.4 requires that the proposed variance:

will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare.

The essential character of this neighborhood is one with buildings located very close to the road right-of-way, with a mix of residential and commercial uses. This proposed building will not impair that character as it resembles the smaller residential buildings in the area and as a realty office will have a low level of traffic generation compared with the alternatives suggested by Appellant. It will not impair the appropriate use or development of the adjacent Post Office property. It will not impair the appropriate use or development of Appellant's adjacent property, because the area of Appellant's property just behind the subject parcel is already limited in development potential due to its relative steepness and its location within the fifty-foot stream setback required to be protected in any event by the Land Use (Zoning) Bylaw. Thus, Appellant's use of his land adjacent to the subject parcel would not be substantially or permanently impaired by the approval of this variance.

5

Section 7.2.5 requires that the proposed variance will represent the minimum variance that will afford relief and represent the least deviation possible from the zoning regulation and from the municipal plan.

As noted above, the property is too small and too close to the road for an agricultural use to be a reasonable use. Appellant suggests that smaller structures such as a free-standing ATM or a farm stand or a barbecue under a tent are potential reasonable uses of the property. All the proposed uses suggested by Appellant would generate more traffic than the proposed realty office use; such a higher traffic-generating use also would not be approvable due to the lack of a direct curb cut from Route 7A. Appellant did not present any evidence suggesting that Mr. Molgano's proposed building could have been designed to be any narrower and still be used for his proposed realty office purpose. Therefore, the proposed variance from the lot size, together with the setback variances already approved, represent the least deviation possible.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's lot meets the requirements for a variance from the minimum lot size requirements of the Land Use (Zoning) Bylaw.

Dated at Berlin, Vermont, this 21st day of March, 2006.

_____

Merideth Wright
Environmental Judge